IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Eric Kanoski,                          :

                 Plaintiff         :         Civil Action 2:09-cv-00439

          v.                          :         Judge Smith

Sterling Paper, Co.,                        :         Magistrate Judge Abel

                Defendant         :

**ORDER**

      This matter is before the Magistrate Judge on plaintiff John Eric Kanoski's September 10, 2010 motion for leave to file a second amended and supplemental complaint (doc. 28).

      As an initial matter, defendants seek clarification from the Magistrate Judge regarding the August 26, 2010 Order granting plaintiff's motion to amend the complaint. On June 24, 2010, plaintiff filed his motion to amend the complaint. On July 26, 2010, plaintiff filed a supplemental amended complaint. *See* doc. 21. Defendants essentially are attempting to re-argue the merits of plaintiff's June 24, 2010 motion to amend the complaint. In my August 26, 2010 Order, I concluded that plaintiff had demonstrated excusable neglect and permitted him to file his July 26, 2010 supplemental complaint, and I will not re-visit that decision.

      Rule 15(d) states:

> Supplemental Pleadings. On motion and reasonable notice, the court may,
> on just terms, permit a party to serve a supplemental pleading setting out
> any transaction, occurrence, or event that happened after the date of the
> pleading to be supplemented. The court may permit supplementation
> even though the original pleading is defective in stating a claim or
> defense. The court may order that the opposing party plead to the
> supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). The standard for granting leave to supplement under Rule 15(d) is

identical to the standard governing leave to amend under Rule 15(a). *Spies v. Voinovich*,

48 Fed. Appx. 520, 527 (6th Cir. 2002).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the

complaint with the opposing party's written consent or leave of court. Such leave

should "be freely granted when justice so requires." Rule 15(a), Fed. R. Civ. P. That

standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182

(1962):

> If the underlying facts or circumstances relied upon by a
> plaintiff may be a proper subject of relief, he ought to be
> afforded an opportunity to test his claim on the merits.  In
> the absence of any apparent or declared reason--such as
> undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party
> by virtue of the allowance of the amendment, futility of
> amendment, etc.--the leave sought should be "freely given."
> Of course, the grant or denial of an opportunity to amend is
> within the discretion of the District Court . . . .

*See Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

Defendants argue that plaintiff unreasonably delayed in amending his  pleading.

Delay alone is not a ground for denying leave to amend.  *Dana Corporation v. Blue Cross*

*& Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir. 1990).  The party opposing leave to amend must demonstrate significant prejudice.  *Duggins,* 195 F.3d at 834; *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986).  The Court determines prejudice by considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant  additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994).  The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice.  *Id.*  Courts have frequently found prejudice where the amendment is made after the discovery deadline has passed, *Duggins v. Steak 'N Shake,* 195 F.3d at 843 (Plaintiff aware for months of basis claim, but did not move to amend until discovery deadline had passed and motion for summary judgment was filed); *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995)(Amendment sought one month before trial); *Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir. 1989); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987), or on the eve of trial.  *Ferguson v. Neighborhood Housing Services, Inc.,* 780 F.2d 549 (6th Cir. 1986).  A party who moves to amend late in the lawsuit has "an increased burden to show justification for filing to move earlier."  *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir. 2001)(Citation omitted).  Nonetheless, even amendments made on the eve of trial are permissible when there is no demonstrable prejudice.

*United States v. Wood,* 877 F.2d 453, 456-57 (6th Cir. 1989)(Amendment permitted three weeks before trial).  Further, even if there is prejudice, the Court may be able to fashion a remedy, such as assessing the moving party the costs of duplicative discovery, which would permit the amendment.  *See, Janikowski,* 823 F.2d at 952; *Moore v. Paducah,* 790 F.2d 557, 562 (6th Cir. 1986); *Adkins v. International Union,* 769 F.2d 330, 334 (6th Cir. 1985).  Defendants have not shown that they will be prejudiced if plaintiff is permitted to amend his complaint. Even if plaintiff's motion to amend his complaint were denied, Kanoski would be entitled to assert his new claims in a subsequent action.

Nonetheless, the Sixth Circuit has ruled that "[i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980) (citing *Buron v. California,* 438 F.2d 637 (9th Cir. 1971) (per curiam); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994).  A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous.  *See Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 91 (S.D.N.Y. 1981); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 445, 449 n.5 (S.D.N.Y. 1972).  Normally, the merits of a complaint are best resolved through a motion to dismiss or a motion for summary judgment.  *See WIXT Television, Inc. v. Meredith Corp.,* 504 F. Supp. 1003, 1010 (N.D.N.Y. 1980).  However, if there is no set of facts which could be proved under the amendment which

4

would constitute a valid and sufficient claim, leave should be denied.  *See Cooper v. American Employers' Ins. Co.*, 296 F.2d 303, 307 (6th Cir. 1961).

Here, plaintiff seeks to add a claim that defendants failed to provide plan documents as required by 29 U.S.C. § 1132(c).   Congress enacted the ERISA disclosure provisions to ensure that "'the individual participant knows exactly where he stands with respect to the plan.'" *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989)(quoting H.R. Rep. No. 93-533, p. 11 (1973)). Section 1132(c) provides that a benefits plan administrator who fails to respond within thirty days to a request for information made pursuant to ERISA's disclosure provisions may be liable to the plan participant for up to $100 per day.

The proposed complaint asserts that on July 7, 2010, Kanoski, through counsel, wrote to counsel for Sterling Paper Company pursuant to 29 U.S.C. § 1024(b) to request copies of documents to which the Sterling ESOP operated. Proposed Compl. ¶ 63. On August 5, 2010, counsel for Sterling Paper Company contacted plaintiff's counsel and requested a telephone conference to discuss Kanoski's request for documents. *Id.* at ¶ 65. During the subsequent telephone conference, plaintiff's counsel agree to provide defendant additional time to respond to plaintiff's requests. *Id.* at ¶ 66. Sterling Paper Company failed to produce the documents as requested. *Id.* at ¶ 68.

Defendant argues that plaintiff's newly asserted claim is defective because Kanoski's request was never made to a plan administrator and no written authorization was provided by the plan participant. Defendant further argues that its litigation

5

counsel is under no obligation to provide plan documents to plaintiff's counsel.

Defendant relies *Gore v. El Paso Energy Corp.*, 447 F. 3d 833 (6th Cir. 2007), which held

that only plan administrators are liable for statutory penalties under § 1132(c).

Defendants reliance on *Gore* is misplaced. While it is true that only a plan administrator

can be found liable for failing to provide plan documents, this case says nothing about

whether or not serving the request for plan documents on the plan administrator's

attorney constitutes an adequate request for plan documents. Defendants do not point

to any caselaw to supports the assertion that the request for plan documents must be

sent directly to the plan administrator to constitute adequate notice. Plaintiff, on the

other hand, relies on a decision of the Third Circuit that held that although the plaintiff

had addressed the request to two individuals who were not the plan administer, the

plan administer had adequate notice of the request and was therefore subject to

statutory penalties:

> Although section 502(c)(1) specifies the address to which a
> response to a request must be sent-"the last known address of the
> requesting participant or beneficiary"-it nowhere states that a request for
> covered information must be served upon or even mailed personally to
> the plan administrator. Moreover, such a requirement would in some
> circumstances unreasonably frustrate the evident purposes of the
> provision. For example, if the plan administrator is changed and a request
> for information is addressed to the previous administrator but actually
> reaches the current administrator, we see no reason why section 502(c)(1)
> should not apply. In addition, there may be other circumstances in which
> it is not easy for a participant or beneficiary to obtain the name of the
> administrator. We have no doubt that section 502(c)(1) was not meant to
> impose upon a plan participant or beneficiary seeking information the
> inflexible requirement of addressing the request to the current plan
> administrator.

6

> At the same time, however, . . . section 502(c)(1) must not be read too loosely. First, we believe that section 502(c)(1) requires actual receipt by the administrator. This interpretation is supported by the statute's reference to an administrator "who. . . fails or refuses to comply with a request for. . . information." It is not customary to refer to a person's failure or refusal to comply with a request that has never been received. Furthermore, it is unlikely that Congress wanted to impose a civil penalty on a person who has not engaged in any wrongful conduct.
>
> Second, because section 502(c)(1) requires a response within a rather short time (30 days) "after [the] request," the statute appears to contemplate that the request will be delivered in a manner that permits the administrator or the appropriate subordinates to work on the matter soon after the request is made. Accordingly, we believe that the 30-day period should not begin to run until the request is actually received either by the administrator or those under the administrator's supervision. This requirement, we conclude, provides adequate protection for an administrator in a situation in which a request for information is not delivered or sent directly to the administrator.

*Romero v. SmithKline Beecham*,  309 F.3d 113, 120 (3rd. Cir. 2002). Defendant does not argue that it did not receive notice of plaintiff's request for plan documents, and plaintiff's claim does not fail as a matter of law on this basis.

Defendant also argues that plaintiff's claim would fail as a matter of law because Kanoski's attorney was not authorized to obtain documents on his behalf.  The  Sixth Circuit previously held that a plan administrator is not required to disclose pension benefit information to the attorney of a participant without first receiving written authorization from the participant. *See Bartling v. Fruehauf Corp.*, 29 F.3d 1062 (6th Cir. 1994). However, in  *Minadeo v. ICI Paints d/b/a Glidden Co.*, 398 F.3d 751 (6th Cir. 2005), the Sixth Circuit clarified that a plan administrator may not simply disregard a written request for pension benefits if its made by a participant's attorney. Instead, the plan

administrator should, like the *Bartling* plan administrator, seek written authorization when the participant's attorney, rather than the participant, seeks benefits information:

> [A] plan administrator may require written authorization from a plan participant before satisfying a non-participant's request for benefits information. *Not inconsistent with that rule, we hold that a plan administrator is not entitled to ignore a request for pension benefits information made by an attorney on behalf of a participant,* as [the defendant] did in this case for almost four months. Instead, a *plan administrator must either provide the requested information directly to the plan beneficiary . . . or . . . inform the attorney that the information will be released upon the receipt of an authorization signed by the plan participant.* A plan administrator who fails to take either of these steps within the thirty day period imposed by 29 U.S.C. § 1132(c) is subject to the fines authorized by that same provision, at the discretion of the district court.

*Minadeo v. ICI Paints*, 398 F.3d 751, 758 (6th Cir. 2005)(emphasis added). As a result, plaintiff's claim does not fail as a matter of law on the basis that plaintiff's attorney made the request for plan documents on behalf of his client.

Defendant also asserts that Kanoski's new claim is an attempt to use the federal rules to harass defendants and to obtain extrajudicial discovery through manufactured claims. Plaintiff's claim is not based on his discovery requests. Plaintiff attached his request for plan documents to his proposed amended complaint. *See* Doc. 28-1 at 15. Nothing in this document or the proposed complaint suggests that plaintiff is attempting to circumvent the discovery rules As a result, defendants' argument is not well-taken.

8

Accordingly, plaintiff's September 9, 2010  motion for leave to file a second amended complaint (doc. 28) is **GRANTED.**  The Clerk of Court is **DIRECTED** to file the second amended complaint attached to the motion.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F., 5 either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge

9