UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN ERIC KANOSKI,**

       **Plaintiff,**

-v-                                                          Case No.:  2:09-CV-0439
                                                                  JUDGE SMITH
                                                                  Magistrate Judge Abel

**STERLING PAPER COMPANY,** *et al.***,**

       **Defendants.**

**OPINION AND ORDER**

       This matter is before the Court on Plaintiff John Kanoski's Motion for Summary Judgment on the two remaining claims of his Third Amended and Supplemental Complaint, Count I for statutory damages and Count V for statutory penalties (Doc. 66).  This matter is fully briefed and ripe for review.  For the reasons that follow, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**I.  BACKGROUND**

       Plaintiff, John Kanoski, is a former employee of Sterling Paper Company ("Sterling").  He worked at Sterling for 24 years, before his termination on January 11, 2010.  Plaintiff was a participant in the Sterling Paper Company Employee Stock Ownership Plan ("Sterling ESOP"), an employee pension benefit plan established and maintained by Sterling under the provision of the Employee Retirement Income Security Act ("ERISA").  Defendant, Sterling, is the duly designated administrator of the Sterling ESOP, as defined in 29 U.S.C. § 1002(16).  Sterling also acts in a fiduciary capacity with respect to the appointment and supervision of the Trustees of the

Sterling ESOP. The Board of Trustees is the duly designated administrator of the Sterling ESOP, as defined in 29 U.S.C. § 1102(16). (Third Am. Compl. ¶¶ 1-3).

Sterling is a closely-held company, and its stock is not publicly traded. The only means for Plaintiff to monitor the value of the retirement funds is through reports that Sterling prepares and distributes on an annual basis, and through independent appraisals that are conducted on an annual basis. Beginning in 1996, when the Sterling ESOP was formed, and continuing for some years thereafter, Plaintiff received annual statements of the value of his individual account in the Sterling ESOP. The value of his shares of stock was purportedly based on independent appraisals that Sterling and the Trustees were obligated to conduct on an annual basis. These statements were provided to Kanoski automatically following the close of every plan year. (Third Am. Compl. ¶¶ 9-11). However, at some point, Plaintiff noticed that he was no longer receiving annual reports and began inquiring of certain officers and employees of Sterling about the missing reports. Plaintiff subsequently filed formal requests for the statements, as well as for the Summary Annual Reports. Plaintiff acknowledges that some of these documents have been received. (Third Am. Compl. ¶¶ 12-25).

Defendants moved for partial summary judgment, which was granted by this Court on July 12, 2012 (Doc. 61). Counts IV and VI of Plaintiff's Third Amended Complaint were dismissed. Further, Plaintiff omitted Counts II and III from his Third Amended Complaint. Therefore, Counts I and V remain pending in this case. Plaintiff now moves for summary judgment as to the two pending claims.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Rule 56 of the Federal Rules of

Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate, however, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.,* 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must view all the facts, evidence and any inferences that may permissibly be drawn from the facts, in favor of the nonmoving party.  *Matsushita*, 475 U.S. at 587.  The Court will ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251-53.  Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.  *Lashlee v. Sumner*,  570 F.2d 107, 111 (6th Cir. 1978).  The Court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter.  *Liberty Lobby*, 477 U.S. at 249; *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 257). The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Liberty Lobby*, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The Court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. *Liberty Lobby*, 477 U.S. at 251-52; *see also Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. DISCUSSION

Plaintiff, Kanoski, moves for summary judgment on the two remaining claims in this case, Counts I and V for statutory damages and penalties under 29 U.S.C. §1132(c), as amended by Section 31001(s) of the Debt Collection Improvement Act of 1996, PL 104-134, and under 29 C.F.R. § 2575.502c-1. Plaintiff asserts that there are no genuine issues of material fact to

preclude summary judgment. Plaintiff alleges that he made five separate written requests for specific documents to Defendant Sterling, the plan sponsor, and Sterling failed to comply with the requests in accordance with the law. Plaintiff seeks the maximum statutory penalties allowed for each violation, as well as reasonable attorneys' fees.

Defendant, Sterling, argues first that Plaintiff cannot use unauthenticated documents as a basis for summary judgment and therefore it must be denied. Next, Defendant argues that there is a genuine factual dispute on Plaintiff's claims for statutory penalties, including the argument that Plaintiff has not suffered any harm or prejudice from the delay in receiving the requested documents. The Court will address the parties arguments in turn.

### A. Unauthenticated Documents

As an initial matter, the Court must consider Defendant's argument that Plaintiff has failed to authenticate the exhibits attached in support of his motion for summary judgment, and therefore, pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, they may not be considered. Under Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Authentication is an aspect of relevancy concerned with establishing the genuineness of evidence and is "a condition precedent to admissibility." Fed. Evid. R. 901(a). To be admissible for purposes of summary judgment, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56. *Fox v. Mich. State Police Dep't*, 173 Fed. Appx. 372, 375 (6th Cir. 2006) (affirming decision to disregard unauthenticated documents that were unsworn and uncertified and therefore inadmissible); *see also Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) ("Only admissible evidence may be considered by the trial court in

ruling on a motion for summary judgment.").

Defendant objects to Plaintiff's exhibits A, B, B-2, D, E, F, G, I, J, K, L, M, and N, arguing that they have not been authenticated by an affidavit or declaration. Plaintiff counters that the majority of the exhibits cited in support of his motion for summary judgment have been previously filed with the Court as exhibits to Kanoski's deposition. Specifically, Plaintiff's exhibits A, B, F, G, H, I, J, K, and L have been filed with the Court, along with the deposition itself, and therefore pursuant to Rule 56(c)(1)(A), are admissible. Further, many of the same documents were referenced in Defendant's prior motion for summary judgment.

Plaintiff acknowledges that exhibits D, E, M, and N are not currently in the record, nor authenticated. (Pl.'s Reply at 4). Plaintiff asserts that exhibits D and E are samples of ESOP Employee Benefit Statements and are used only as examples of how they were named. Exhibit M is an email exchange between Tony Merry, Plaintiff's counsel, and Squire Sanders, one of Defendant's counsel. Further, exhibit N is Plaintiff's summary for the purposes of penalty calculation. Plaintiff therefore concedes that exhibits D, E, M, and N are not properly authenticated. The Court agrees that technically Plaintiff has not authenticated these documents in accordance with the Federal Rules of Civil Procedure and they are therefore inadmissible.

### B. Statutory Penalties

There is no dispute that Plaintiff's claims for statutory penalties in this case are governed by ERISA. 29 U.S.C. § 1024(b)(4) specifically provides:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description,[,] and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount

which will constitute a reasonable charge under the preceding sentence.

Defendant's Summary Plan Description acknowledges this obligation, in stating: "ERISA provides that all Plan participants are entitled to: Obtain, upon written request to the Company, copies of all documents governing the operation of the Plan, including copies of the latest annual report (Form 5500 Series) and updated summary plan description. . . ." (Attached as Ex. W to Pl.'s Dep.).

The penalty for failure to comply with Section 1024 is set forth in 29 U.S.C. § 1132(c)(1)(B), which states:

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $ 100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

With respect to the penalties available for failure to provide the documents, the Sixth Circuit explains that it is discretionary: "ERISA gives district courts 'discretion' to impose up to $110 a day in penalties." *Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 431-32 (6th Cir. 2007); *see also* 29 C.F.R. § 2575.502c-1. Whether to assess penalties and in what amount rests in the discretion of the Court. *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068 (6th Cir. 1994). "[T]he statute does not require a district court to take testimony or make any particular findings before assessing a penalty." *Lampkins v. Golden*, 1996 U.S. App. Lexis 33271, *11-12 (6th Cir. 1996).

Plaintiff asserts that he made five separate requests for specific documents to Defendant

Sterling, the Plan sponsor. The requests were made on February 19, 2009, March 9, 2009, November 6, 2009, February 9, 2010, and July 7, 2010. Plaintiff seeks the maximum penalties available for each of the aforementioned requests. Plaintiff also seeks attorneys' fees.

Defendant argues that the Court has discretion whether to award any statutory penalty at all. Defendant asserts that resolution of Plaintiff's claim requires a fact-specific inquiry that is not suitable for summary judgment. Further, Defendant argues that Plaintiff is not entitled to any penalties because Plaintiff has not provided any evidence of prejudice from the alleged delay in responding to his document requests. Defendant also disputes some of the circumstances surrounding each of Plaintiff's requests. The Court will discuss each request in turn.

### 1. February 19, 2009 Request

On February 19, 2009, Plaintiff sent an email to David Gruenberg, Chief Financial Officer of Sterling Paper, asking for "Annual Statements of Value" of his ESOP account. Specifically he requested statements for 2005, 2006, 2007, and 2008.

Defendant argues that the requested documents do not exist. Mr. Gruenberg stated that there is no document by that name. (*See* Gruenberg Aff., attached as Ex. C to Def.'s Response). Mr. Gruenberg stated that the ESOP has issued "Annual Employee Benefits Statement," but Plaintiff did not request that.

Defendant asserts that since Plaintiff requested a non-existent document, his request for penalties on that request should be denied. Defendant states that it was not clear what type of information Plaintiff was seeking–did he want information regarding his individual account value, the value of the ESOP as a whole, or the value of Sterling Paper?

Plaintiff merely responds that Defendant acknowledges receiving the request and did not

provide the documents until after the lawsuit was filed. Plaintiff, however, never clarifies what exactly he was seeking or what was provided that satisfied his request.

The Court finds that Defendant Sterling cannot be assessed a penalty under Section 1132(c)(1)(B) for failing to timely produce a plan document that does not exist. *See Colin v. Marconi Commerce Sys. Employees' Ret. Plan*, 335 F. Supp. 2d 590, 613 (M.D.N.C. 2004) ("The court cannot award civil penalties to Hartsell stemming from Defendants' failure to produce a document that does not exist."). Further, the obligation to produce plan documents under Section 1024(b)(4) is not triggered unless and until the participant or beneficiary give the plan administrator "clear notice" in writing of the information they desire. *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 144-45 (3d Cir. 2007); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995).

### 2. March 9, 2009

On March 9, 2009, Plaintiff renewed his request, but this time asking for an "Employee Benefit Statement" and "Summary Annual Report" for the years 2006, 2007, and 2008. (*See* Ex. F to Pl.'s Mot. for Summ. J.). Plaintiff acknowledges that he received the requested documents on June 25, 2009.[1]

Defendant argues that there is no basis to award summary judgment to Plaintiff for these requests because he sought documents which he already possessed and because Defendant did not act in bad faith. Defendant asserts that employee benefit statements are provided to participants each year in their employee mailbox or through the mail. (Gruenberg Decl. ¶8). Plaintiff even

---

[1] Plaintiff acknowledges this in his Motion for Summary Judgment and his Reply that he received the documents from Defendant on June 25, 2009. There is a reference to receiving additional documents on March 11, 2010 in Exhibit N, which has been ruled inadmissible.

admits that there is no reason to conclude that he did not receive an employee benefit statement for those years.  (Kanoski Dep. I at 50, 74).  Further, Defendant argues that Plaintiff was not prejudiced in receiving the documents past the statutory 30 day deadline.

Despite Defendant's contention, prejudice is not a prerequisite to the imposition of statutory penalties.  *See Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir. 1988) (a plaintiff may still recover statutory damages despite a lack of prejudice).[2]  The proper analysis to determine whether discretionary penalties should be imposed for a defendant's violation of the ERISA disclosure provisions is set forth in *Thompson v. Transam Trucking, Inc.*, 750 F. Supp. 2d 871, 889 (S.D. Ohio 2010) (Frost, J.) (quoting *Weddell v. Ret. Comm. of the Whirlpool Prod. Emp. Ret. Plan*, 43 Employee Benefits Cas. (BNA) 1257, 2007 U.S. Dist. LEXIS 92461, at *37-38 (N.D. Ohio Dec. 17, 2007)):

> While a showing of injury or prejudice to the claimant is a logical concern, *Gatlin v. Nat'l Healthcare Corp.*, 16 Fed. Appx. 283, 289 (6th Cir. 2001) (citing *Bartling*, 29 F.3d at 1068-69), such a showing is not essential. *Steadman v. Bd. of Trustees*, 2006 U.S. Dist. Lexis 43919, * 16-18 (N.D. Ohio 2006). Rather, the purpose of the statute, as interpreted "[i]n this circuit... is to punish plan administrators who fail to comply with requests for documents which ERISA requires them to provide." *Osborn v. Knights of Columbus*, 401 F. Supp.2d 822, 825-26 (N. D. Ohio 2005); *see also Bartling*, 29 F.3d at 1068. Even mere negligence might justify an award of statutory penalties, *McGrath v. Lockheed Martin Corp*., 48 Fed. Appx. 543, 557 (6th Cir. 2002), because "the failure of defendant's process for responding to requests for information is itself a matter of Congressional concern." *Dooley v. GMC*, 1997 U.S. Dist. Lexis 13168 at *6 (E.D. Mich. 1997).

The Sixth Circuit has clearly spoken on the disclosure provisions of ERISA, stating that

---

[2] A portion of the Daniel decision has been disapproved in *Brown v. Ampco-Pittsburgh Corp*., 876 F.2d 546, 549 (6th Cir. 1989). Yet, the *Brown* decision does not affect the legal proposition used in this case.

"the purpose of the statute was to induce administrators to timely provide participants with requested plan documents, and to penalize failures to do so." *Bartling*, 29 F.3d at 1068; *see also Osborn v. Knights of Columbus*, 401 F. Supp. 2d 822, 825-26 (N.D. Ohio 2005) ("In this circuit, however, the purpose of § 1132(c)(1) is to punish plan administrators who fail to comply with requests for documents which ERISA requires them to provide.").

In *Thompson*, the Court awarded $50 per day per document finding that defendant TransAm Trucking did not deliberately act in bad faith in failing to provide the documents and finding it unclear as to whether Plaintiff suffered any prejudice. 750 F. Supp. 2d at 890. In *Thompson*, the Court noted a number of decisions where statutory penalties were awarded. *See, e.g.: Weddell*, 2007 U.S. Dist. LEXIS 92461, at *37-38 (awarding the plaintiff $60 per day for 237 days for a total of $14,220); *Bartling*, 29 F.3d at 1069 (affirming $100 per day per document to be split among all plaintiffs); *Gatlin*, 16 F. App'x at 289-90 (affirming award of $100 per day when the defendant "sent the plan documents 151 days after they were originally requested" where the delay hindered the plaintiff's ability to appeal the decision at the earliest opportunity); *McGrath v. Lockheed Martin Corp.*, 48 F. App'x 543, 557 (6th Cir. 2002) (affirming district court's award of $50 for a 154 day delay where there was no evidence of bad faith and prejudice was not clearly present); *Daniel*, 839 F.2d at 268 (affirming $25 a day for 278 days in situation where the failure to provide the documents was not deliberate but was based on neglect and "the record casts doubt on any claim of prejudice"); *Mitchell v. DaimlerChrysler Corp. Salaried Emples. Ret. Plan*, 2006 U.S. Dist. Lexis 27459, at *25-26 (N.D. Ohio 2006) (finding lack of bad faith by the defendants, lack of prejudice to the plaintiff, and relatively short delay and awarding $50 per day for a total of $2,800); *Dies v. Provident Life & Accident Ins. Co.*, 2006 U.S. Dist.

Lexis 84480, at *27-28 (M. D. Tenn. 2006) (awarding $25 per day per document for lengthy delays of 160 and 413 days, for a total of $28,650 "regardless whether Plaintiff was actually prejudiced").

The Court agrees with Defendant that Plaintiff has not shown that Defendant was acting in bad faith, nor has Plaintiff established that he suffered any prejudice from the delay in receiving the requested documents. In fact, there is some indication that Plaintiff most likely received the documents in question. This is not the case of a plaintiff, like in *Gatlin*, who actually suffered some harm form the delay, hindering an ability to appeal. Nor, was the delay by Sterling lengthy. Nonetheless, Defendant still failed to timely provide the requested documents to Plaintiff as required under ERISA, 29 U.S.C. § 1024(b)(4). It is undisputed that the requested documents were produced to Plaintiff on June 25, 2009. The 6 documents produced on June 25th were produced 77 days past the 30 day statutory deadline.

Considering all the factors relevant to a statutory penalty award, the Court finds that the factors support a small penalty award against Defendant Sterling Paper in the amount of $10 per day, per document, for a total award of $4,620.

### 3. November 6, 2009 Request

Plaintiff asserts that after the filing of the initial Complaint in this case, he, through counsel, served Defendant with interrogatories, requests for admissions, and requests for production of documents. Defendant responded to the aforementioned on February 12, 2010:

> Request for Production of Documents No. 5. Provide all documents that show contributions to the Plan and disbursements from the Plan to participants/ beneficiaries from January 1, 1996 to the present.
>
> Answer: Defendant objects as this request for production is overly broad and

> unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable evidence.

*(See Ex. H – Defendant's Response to Plaintiff's Requests for Production of Documents*, attached to Pl.'s Mot. for Summ. J.).

Defendant argues that Plaintiff's requests for Plan documents made during discovery in a civil case do not trigger Section 1132(c). Defendant is correct. "[R]equests for plan documents made pursuant to the Rules of Civil Procedure in the course of pre-trial discovery do not trigger the application of §1132(c)." *Hughes v. Nat. Res. Consultants*, 77 F. App'x. 973, 974 (9th Cir. 2003). Accordingly, Plaintiff is not entitled to any statutory penalties based on the November 6, 2009 requests.

### 4. February 9, 2010 Request

On February 9, 2010, Plaintiff sent another request for production of documents, including Employee Benefit Statements for 2004, 2005, 2006, 2008, and 2009. On March 9, 2010, Defendant provided all the documents Plaintiff requested.[3] Because these requests were also made in the course of discovery and because the documents were timely produced, Plaintiff is not entitled to any statutory penalties based on this request.

### 5. July 7, 2010 Request

Again, Plaintiff, through his attorney, requested several more Plan documents:

1. A complete copy of the current plan document for the Sterling Paper Co. ESOP;

2. A copy of the current trust agreement relative to the Sterling Paper Co. ESOP;

3. Copies of the Form 5500 filed for the Sterling Paper Co. ESOP for fiscal years 2006, 2007, and 2008; and

---

[3] Plaintiff notes that he merely provides this request as a reference because there are differences in the statements and reports produced by Defendant.

>4. Copies of the annual valuations for the Sterling Paper Co. ESOP for the fiscal years 2006, 2007 and 2008.

(*See* Ex. L to Pl.'s Mot. for Summ. J.). These documents were not produced until November 11, 2010. Again, the Court agrees with Defendant that Plaintiff made these requests during the course of civil litigation and is therefore not entitled to statutory penalties. In fact, Plaintiff essentially acknowledges that they attempted to get these documents via a written request that they could not obtain through discovery. (*See* Kanoski Dep. II at 44-45).

Defendant had a good-faith objection to producing the requested documents during the course of discovery. Plaintiff, through counsel, then sought to use Section 1024(b)(4) as a means of circumventing the Rules of Civil Procedure. Similar conduct occurred in *Boucher v. Williams*, 13 F. Supp. 2d 84 (D. Me. 1998), where statutory penalties were denied where a plan's participant attempted to use Section 1024(b)(4) requests as a litigation tactic in the midst of an ERISA lawsuit. Accordingly, Plaintiff is not entitled to any statutory penalties based on these requests.

### C.    Attorneys' Fees

Plaintiff has also requested attorneys' fees and costs on his claims for statutory penalties. The Court has discretion to award attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). When determining whether to award attorneys' fees, the Court must consider the following factors:

>(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Secretary of Dep't of Labor v. King*, 775 F.2d 666, 670 (6th Cir. 1985). These factors are not

dispositive and "no single factor is determinative." *Maurer v Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000).

  The Court has already determined that Defendant did not act in bad faith when it failed to provide Plaintiff with the documents. Regarding the second and third factors, Plaintiff has not provided any information regarding Defendant's ability to pay, and the statutory penalty imposed above will provide a sufficient deterrent. *See Logan v. UniCare Life & Health Ins., Inc.*, 2007 U.S. Dist. LEXIS 45654 (E.D. Mich. 2007) (in denying request for attorneys' fees, finding that the statutory penalty imposed was sufficient deterrent). Regarding the fourth factor, Plaintiff did not seek to provide a common benefit. And, as to the fifth factor, it is the only factor that weighs in favor of Plaintiff. After considering all five factors, the Court denies Plaintiff's request for attorneys' fees.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART.** Plaintiff, John Kanoski, is entitled to summary judgment on his claim for statutory penalties with respect to his March 9, 2009 requests for documents pursuant to Section 1024(b)(4). The Court therefore awards Plaintiff statutory penalties in the amount of $4,620.

As set forth above, Plaintiff cannot establish as a matter of law that he is entitled to any additional penalties for the other four requests. Accordingly, the Court *sua sponte* dismisses those remaining claims.

The Clerk is instructed to remove Document 37 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.


**IT IS SO ORDERED.**

 */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**